UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>        Plaintiff,<br><br>  vs.<br><br>CATES, et al.,<br><br>        Defendants. | 1:23-cv-00856-GSA-PC<br><br>**ORDER FOR CLERK OF COURT TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF BE DENIED LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g), AND THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $420.00 FILING FEE IN FULL**<br><br>**OBJECTIONS, IF ANY, <u>DUE ON OR BEFORE JUNE 27, 2023</u>** |

**I.    BACKGROUND**

Melvin Joseph Simmons ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On June 5, 2023, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3

or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews").  "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA,[1] "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").  The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee," O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.  When applying 28 U.S.C. § 1915(g),

---

[1] Prisoner Litigation Reform Act, 42 U.S.C. § 1997e.

however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. Harris v. Zavala, No. 1:21-CV-1126-ADA-HBK, 2022 WL 1538418, at *2–3 (E.D. Cal. May 16, 2022), report and recommendation adopted, No. 121CV01126ADAHBKPC, 2022 WL 3142373 (E.D. Cal. Aug. 5, 2022) (citing Hardney v. Hampton, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), report and recommendation adopted, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Campbell v. Vance, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005)).  Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. Id. (citing see Gorby v. Internal Revenue Service, Fresno, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, report and recommendation adopted in part and rejected in part, 2021 WL 2227810 (E.D. Cal. June 2, 2021) (rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); Trujillo-Cruz v. White, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), report and recommendation adopted in part and rejected in part, Trujillo-Cruz v. White, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. Id.  As the United States Supreme Court noted in Lomax, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits Id. (quoting Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1726 (2020)). And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." Id. (quoting Hoffman v. Pulido, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

The Court takes judicial notice of Simmons v. Kishbaugh, E.D. CA, Case No. 2:19-cv-01650, ECF Nos. 12 & 15, in which Magistrate Judge Edmund F. Brennan and District Judge Troy L. Nunley found that Plaintiff had at least three "strikes" prior to filing the action. The action was filed on August 23, 2019. Id. at ECF No. 1.

The Court also takes judicial notice of: 1) Simmons v. Lamarque, N.D. CA, Case No. 5:03-cv-04509, ECF No. 17 (dismissed for failure to state a claim); 2) Simmons v. Giurbino, N.D. CA, Case No. 3:11-cv-02169, ECF No. 4 (dismissed for failure to state a claim); 3) Simmons v. Kernon, N.D. CA, Case No. 5:16-cv-07319, ECF No. 28 (dismissed for failure to state a claim); and 4) Simmons v. California Department of Corrections, E.D. CA, Case No. 2:21-cv-01236, ECF Nos. 11 & 13 (dismissed for failure to state a claim).

Based on the actions listed above, the Court finds that Plaintiff had at least three "strikes" prior to filing this action. The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Cervantes, 493 F.3d at 1053.

"[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

"Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available

"for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g). In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]." Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293, 298-99 (2d Cir. 2009)). See also Ray v. Lara, 31 F.4th 692, 701 (9th Cir. 2022) ("[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court.").

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations. Andrews, 493 F.3d at 1055 (9th Cir. 2007).

The Court has carefully reviewed Plaintiff's Complaint and finds it does not contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." Cervantes, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

**The Court notes that the allegations in this case are similar to those in the Complaint filed by Plaintiff on May 24, 2023 in pending case 1:23-cv-00793-JLT-EPG-PC, Simmons v. Cates. "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same parties.'" Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir.2007) (citation omitted). Rather, plaintiffs are "required to bring all of [their] claims against the defendants and their privies arising from a single cause of action in one suit." Id. at 688 n. 1. Where separate actions are duplicative, the court has discretion to dismiss the second action with prejudice. Id. at 688 & n. 1.**

The Court's finding in this case as to the imminent danger exception is the same as that found by the Court in Plaintiff's pending case 1:23-cv-00793-JLT-EPG-PC (ECF No. 6 at 3:28-4:5), as follows:

> "Plaintiff generally complains about infringement of intellectual property rights, being illegally detained, and a search and seizure that appears to have occurred before he arrived at California Correctional Institution. There are no allegations in Plaintiff's complaint suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint…".

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* with this action and the case should be dismissed without prejudice to refiling this case with the appropriate filing fee in full.

## IV. ORDER, RECOMMENDATIONS, AND CONCLUSION

### A. Order

The Clerk of Court is ordered to randomly assign a United States District Judge to this case.

### B. Recommendations and Conclusion

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff be denied leave to proceed *in forma pauperis* with this case under 28 U.S.C. § 1915(g), due to his three-strikes status and his failure to meet the imminent danger exception; and

2. This case be dismissed, without prejudice to refiling the case upon pre-payment of the appropriate filing fee in full.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **On or before June 27, 2023**, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan,

923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | **June 6, 2023** | **/s/ Gary S. Austin** |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |