# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | 1:23-cv-00856-JLT-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO RECUSE DISTRICT JUDGE |
| vs. | |
| CATES, et al., | |
| Defendants. | |

## I.      INTRODUCTION

Plaintiff filed a document that appears to request, in part, that the undersigned recuse herself from participating in this case. (Doc. 11.)

## II.     LEGAL STANDARDS

Pursuant to 28 U.S.C. § 455, a judge must disqualify herself if her "impartiality might be reasonably questioned," or if she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions

"display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (quotation marks and citation omitted). "Adverse findings do not equate to bias." *Id*. at 1148.

When a party raises the issue of recusal, 28 U.S.C. § 144 normally applies and provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *Id*. at 868. "The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (internal citation and quotation omitted).

**III. ANALYSIS**

Plaintiff fails to point to anything in the record supporting recusal. Plaintiff filed the Complaint for this case on June 5, 2023. (Doc. 1.) On June 7, 2023, the assigned magistrate judge issued findings and recommendations, recommending that Plaintiff be denied leave to proceed *in forma pauperis* under 28 U.S.C. 1915(g). (Doc. 6.) On June 29, 2023, Plaintiff paid the $402.00 filing fee in full for this action, and on July 7, 2023, the magistrate judge withdrew the findings and recommendations. (Doc. 10.) The undersigned has thus far taken no substantive actions in this case, and Plaintiff has failed to otherwise demonstrate that the undersigned has a personal bias or prejudice against Plaintiff.

**III.   CONCLUSION**

Based on the foregoing, the Court finds no basis to recuse herself. To the extent the July 29, 2023 filing (Doc. 11) is a motion to recuse the undersigned, that motion is **DENIED**. On the other hand, Plaintiff is invited to consider consenting to magistrate judge jurisdiction in this case. If he consents and the defendants consent also, the case will be reassigned to the magistrate judge and the undersigned will have no further involvement in the case.

The matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **August 8, 2023**

UNITED STATES DISTRICT JUDGE