UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>            Plaintiff,<br><br>    vs.<br><br>CATES, et al.,<br><br>            Defendants. | **1:23-cv-00856-JLT-GSA-PC**<br><br>**ORDER ADDRESSING PLAINTIFF'S MOTION FILED JULY 28, 2023**<br><br>**(ECF No. 11.)** |

## I.    BACKGROUND

Melvin Joseph Simmons ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 5, 2023, Plaintiff filed the Complaint commencing this action.   (ECF No. 1.)

On July 28, 2023, Plaintiff brought a motion which is at best confusing, rambling, and virtually unintelligible. (ECF No. 11.) Plaintiff appears to be requesting damages, and perhaps recusal, against both District Judge Jennifer L. Thurston and the undersigned, apparently because the undersigned filed a Finding and Recommendation (F&R) on June 7, 2023, recommending that Plaintiff be denied leave to proceed *in forma pauperis* and be ordered to pay the full filing fee, of which Plaintiff did on June 29, 2023. (Clerk's entry.)  Thereafter, on July 5, 2023, Plaintiff filed two objections to the F&R.  (ECF Nos. 8,9.)  However, having paid the full filing fee prior

1

to a ruling by Judge Thurston regarding the F&R, the undersigned on July 7, 2023 ordered the F&R withdrawn. (ECF. No 10). The Court will address what the Court interprets to be the gravamen of Plaintiff's motion referenced above. (ECF No. 11.)

## II.   DISQUALIFICATION OF MAGISTRATE JUDGE - 28 U.S.C. § 455 AND 28 U.S.C. § 144

### A.   Legal Standards

The procedural requirements for a motion to disqualify under 28 U.S.C. § 455 are different from those under 28 U.S.C. § 144. Brew v. Fehderau, No. 1:17-cv-00681-AWI-EPG-PC, 2017 U.S. Dist. LEXIS 168135, at *2-3 (E.D. Cal. Oct. 11, 2017) (citing United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980)). Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," including under circumstances where "he has a personal bias or prejudice concerning a party." Id. (quoting see 28 U.S.C. § 455(a), (b)(1)). A motion under section 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned. Id. (citing Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994)). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id. (quoting Bernard, 31F. 3d at 843 (quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985))). "[S]ection 455 includes no provision for referral of the question of recusal to another judge; if the judge sitting on the case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself or herself." Id. (quoting Sibla, 624 F.2d at 868). On the other hand, "in the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." Id. (quoting United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008)). Federal law provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id. (quoting 28 U.S.C. § 455(a)). Section (b) of that statute sets forth a number of additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the

proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." Id. (quoting § 455(b)).

28 U.S.C. § 144 provides:

> "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

A motion under section 144 is initially addressed to the judge whose impartiality is being questioned. Brew, 2017 U.S. Dist. LEXIS 168135, at *4 (citing see United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978)). "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." Id. (quoting Sibla, 624 F.2d at 867). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case" and another judge is assigned to hear the proceeding. Id. (quoting Azhocar, 581 F.2d at 738). An affidavit is sufficient where it "specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Id. (quoting Sibla, 624 F.2d at 868).

Nevertheless, "[t]he test for personal bias or prejudice in section 144 is identical to that in section 455(b)(1)." Id. (quoting Sibla at 867). In either case, the substantive standard is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Id. (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). The bias must arise from an extrajudicial source and cannot be based

solely on information gained in the course of the proceedings. Id. (citing Hernandez at 1453 (citing Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994))). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (quoting Liteky, 510 U.S. at 555). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Id. (quoting Liteky at 555.)

### B. Plaintiff Has Failed to Sufficiently Allege Bias or Prejudice Against Him

Plaintiff fails to sufficiently allege that Magistrate Judge Gary S. Austin has a personal bias or prejudice against Plaintiff.  Plaintiff filed the Complaint for this case on June 5, 2023. (ECF No. 1.) Subsequently, Magistrate Judge Gary S. Austin issued findings and recommendations, recommending that Plaintiff be denied leave to proceed *in forma pauperis* with this case under 28 U.S.C. § 1915(g), because Plaintiff has accumulated 3 or more "strikes" under the statute.[1]  (ECF No. 6.)  On June 29, 2023, Plaintiff paid the $402.00 filing fee in full for this action, and on July 7, 2023, the Magistrate Judge withdrew the findings and recommendations.  (ECF No. 10.)

Plaintiff has failed to offer a sufficient affidavit specifically alleging facts to support the contention that Magistrate Judge Austin exhibits bias or prejudice towards him. Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against Plaintiff from an extra-judicial source.  A judge's rulings while presiding over a case do not constitute extra-judicial conduct.  Focus Media, Inc. v. NBC, 378 F.3d 916, 930 (9th Cir. 2004). Plaintiff's disagreement with the court's rulings is not a legitimate ground for seeking disqualification.

---

[1] "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim, . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

### III.     COURT'S ABSOLUTE IMMUNITY

It is well established that judges and other court officers, except in very limited circumstances, enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.  See Szarell v. Schaffer, 2020 U.S. Dist. LEXIS 203088; Caraffa v. Liburdi, 2023 U.S. Dist. LEXIS 69799; Drevaleva v. Beeler, 2020 U.S. Dist. LEXIS 17248.  It is unclear from Plaintiff's motion whether he is making his request for damages by way of motion (ECF.No 11), or whether Plaintiff is under the mistaken belief that his motion is actually a new civil complaint.  Notwithstanding, judicial immunity covers both situations.  Therefore, Plaintiff's request for damages and other relief against both Magistrate Judge Austin and District Judge Thurston is denied**.**

### IV.     CONCLUSION

Plaintiff should note that to the extent Plaintiff's allegations are based on a sovereign citizen ideology, courts have uniformly and summarily rejected these theories/arguments as frivolous and meritless.  See Dickenson v. Biden, 2022 U.S. Dist. LEXIS 185614.

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion, to the extent it seeks recusal of Magistrate Judge Gary S. Austin, and for all other relief sought by Plaintiff against both Magistrate Judge Austin and District Judge Thurston, is DENIED.

IT IS SO ORDERED.

Dated:   **August 8, 2023**                              **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE