UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>          Plaintiff,<br><br>  vs.<br><br>CATES, et al.,<br><br>          Defendants. | 1:23-cv-00856-JLT-GSA-PC<br><br>**ORDER REQUIRING PLAINTIFF TO RESPOND TO THE COURT TO CLARIFY HIS AUGUST 14, 2023 FILING**<br><br>**(ECF No. 15.)**<br><br>**DEADLINE: <u>SEPTEMBER 5, 2023</u>** |

**I.      BACKGROUND**

Melvin Joseph Simmons ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On June 5, 2023, Plaintiff filed the Complaint commencing this action.    (ECF No. 1.)

On August 14, 2023, Plaintiff filed a document titled "Notice and Civil Rights Action for Statutory Damages . . ."  (ECF No. 15.)

**II.     PLAINTIFF'S NOTICE**

The entire title of Plaintiff's Notice is "Plaintiff's Notice: and Civil Rights Action for Statutory Damages Against Employees of the United States Commissioner's United States Magistrate Judge Gary S. Austin and United States District Judge Jennifer L. Thurston for Failure to Perform Their Legal Obligation and Implied Fiduciary Duty in Due Diligence Salvor: Safe

Conduct: National Strategy Established to Combat Human Trafficking in Accordance to Operation of Law 18 USCS § 1595a.(b) (c)." (Id.)

Plaintiff's Notice is at best confusing, rambling, and virtually unintelligible. The Court shall therefore require Plaintiff's response to this order in an effort by the Court to determine the exact legal nature of his "Notice". The Court surmises that the legal nature of Plaintiff's filing is one of the following: 1- a motion; 2-an attempt to file an amended complaint; 3- an attempt to file an entirely new complaint.

To the extent that Plaintiff's Notice filed on August 14, 2023 is meant as a motion, the Court notes that it is similar to Plaintiff's motion previously filed on July 28, 2023.[1] In response to the July 28th motion the Court addressed the matters contained therein in orders issued on August 8, 2023 (ECF No.13) and August 9, 2023 (ECF No 14). Thus, all further future motions which essentially repeat requests for monetary damages against the undersigned and/or District Judge Thurston will be summarily stricken from the record.

If Plaintiff in this current filing is attempting to file an amended complaint, it would be futile to allow such amended complaint to proceed. Given the claims that he currently has in his complaint, Plaintiff could not add claims against Judge Austin or Judge Thurston in an amended complaint because these new claims would violate Rules 18 and 20 of the Federal Rules of Civil Procedure. See Harris v. Munoz, 2023 U.S. Dist. **LEXIS** 50001. These "… Rules permit a complaint to include all *related claims* against a party and permit joinder of all defendants alleged to be liable for the 'same transaction, occurrence, or series of transactions or occurrences' where 'any question of law or fact common to all defendants will arise in the action.' But the rules do not permit conglomeration of unrelated claims against unrelated defendants in a single lawsuit. Unrelated claims must be filed in separate lawsuits." Id. at *9 (emphasis in original).

---

[1] On July 28, 2023, Plaintiff filed a document titled, "This is an Action Brought Against Judicial Officers Commissioners' United States Magistrate Judge Gary S. Austin and District Judge Jennifer L. Thurston who are Federal Employees Subject to FTCA USCS §§ 1346(b), 2680(h)m 25 USCS §§ 450f, 450h, 2802-2804, 25 CFR 12.21(b); Seeking Statutory Damages in a Sum Certain $ 10,000; Are Mandatory Through Operation of Law<42 USCS§1986. May is the Operating Work in the Statute> for Failure to Perform Safe Conduct Established National Strategy to Combat Human Trafficking Pursuant to 1595A.(a)(b)(c)(1), 34 USCS § 20711.(a)(b)(1)." (ECF No. 11.)

Finally, if Plaintiff is attempting to file a new complaint against Judge Austin and Judge Thurston, he must follow the rules relating to the filing of a new complaint and may not use the existing case nor its designated case number to do so. Plaintiff must also pay a separate filing fee or apply to proceed *in forma pauperis*.

In addition, the Court takes note that in the current August 14th filing, Plaintiff refers to himself as "Sovereign American Citizen Merchantman". As previously pointed out by the court in its August 9 order (referenced above), to the extent that Plaintiff's allegations are based on a sovereign citizen ideology, courts have uniformly and summarily rejected these theories/arguments a frivolous and meritless. See, Dickenson v. Biden 2022 US Dist Lexis 185614.

Plaintiff shall be required to respond to this order and inform the Court of his intentions in filing his Notice in this case on August 14, 2023.

### III. CONCLUSION

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **On or before September 5, 2023**, Plaintiff is required to respond in writing to this order and inform the Court of his intentions, as discussed above, relating to Plaintiff's August 14, 2023 filing; and
2. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed in its entirety for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **August 16, 2023**              /s/ Gary S. Austin
                                                    UNITED STATES MAGISTRATE JUDGE