UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRIAN CATES, et al.,<br><br>　　　　　Defendants. | No.  1:23-cv-00856 JLT GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS ORDER<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 21) |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order and for failure to prosecute.

    I.    <u>RELEVANT PROCEDURAL HISTORY</u>

On June 5, 2023, Plaintiff's filed complaint was docketed.  ECF No. 1.  Shortly thereafter, the Court issued an order recommending that Plaintiff, a three strikes litigant within the meaning of 28 U.S.C. § 1915(g) be ordered to pay the filing fee.  <u>See</u> ECF No. 6.  However, because Plaintiff eventually paid the filing fee, the undersigned's findings and recommendations were withdrawn.  <u>See</u> ECF No. 10.

On July 28, 2023, an unsolicited motion filed by Plaintiff was docketed. See ECF No. 11. The motion appeared to request that both the undersigned and the district judge assigned to this matter recuse themselves from this case. See generally id. Both judges denied Plaintiff's motion as it related to each of them independently. See ECF Nos. 13, 14.

Plaintiff then filed another unsolicited notice to the Court which was docketed on August 14, 2023. ECF No. 15. In September 2023, it was stricken from the record after Plaintiff responded to the Court's order to clarify it. See ECF Nos. 15-19. In the interim, on August 25, 2023, the undersigned's order that had denied Plaintiff's recusal motion was returned to the Court as "Undeliverable, Inmate Refused."

Since then, three other orders issued by the Court which were ordered to be served on Plaintiff have been returned it as "undeliverable" and "refused." The last order returned to the Court was its screening order, which was issued on November 1, 2023. See ECF No. 21. That order directed Plaintiff to file a first amended complaint by November 29, 2023. Id. at 5. When it was returned to the Court, it was labeled "Undeliverable, RTS, Not Deliverable as Addressed, Unable to Forward, Refused." To date, Plaintiff has not filed an amended complaint.

II. APPLICABLE LAW

Prior to dismissing a case, a court must consider the following: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).

Courts have an interest in the just, speedy and inexpensive determination of every action and proceeding as well. See Fed. R. Civ. P. 1; see also Phenylpropanolamine, 460 F.3d at 1227 (stating orderly and expeditious resolution of disputes is of great importance to rule of law and delay in reaching merits is costly in money, memory, manageability, and confidence in process). Consequently, they have inherent power and authority to dismiss a matter sua sponte for lack of prosecution. See Link v. Wabash, 370 U.S. 626, 630-31 (1962) (stating same).

////

The public also has an interest in the quick resolution of court matters. See Hernandez, 138 F.3d at 399 (presuming public has interest in expeditious litigation). Overall, however, a district court is in the best position to determine what period of delay can be endured before its docket becomes unmanageable. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986) (citing Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984)).

### III. DISCUSSION

Plaintiff was ordered to file an amended complaint in early November 2023, and the amended pleading was due at the end of that month. Over one month later, Plaintiff has failed to do so and has not otherwise responded to the Court's screening. Instead, the record indicates that Plaintiff refused to accept the Court's screening order when prison officials attempted to deliver it to him.[1] These facts clearly indicate that Plaintiff has actively chosen to abandon this case.

The Eastern District Court has an unusually large caseload.[2] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff clearly has no interest in prosecuting it is not a good use of the Court's already taxed resources. In fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter

---

[1] Whether the Court's November 2023 screening order was sent to the correct address is not an issue. On October 10, 2023, a change of address filed by Plaintiff was docketed. See ECF No. 20. Accordingly, the Court presumes that the November screening order was sent to the correct address. In addition, it presumes that it would have been received had Plaintiff chosen to accept it. See Rosenthal v. Walker, 111 U.S. 185, 193-94 (1884) (stating mail given to post office is presumed to have reached its destination at regular time); see also Lupyan v. Corinthian Colleges, Inc., 761 F.3d 314, 319 (3d Cir. 2014) (citing Rosenthal).

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

1  irrespective of any amended complaint filed by Plaintiff after the issuance of this order.

2      Furthermore, because the Defendants have yet to be served in this case there will be no
3  prejudice to them if the matter is dismissed.  Finally, given Plaintiff's clear intent to abandon this
4  case, affording him additional time to file an amended complaint is not a viable, less drastic
5  option.  If Plaintiff's intention was to proceed further with this matter, he should have accepted
6  the Court's orders when prison authorities attempted to deliver it to him.  For these reasons,
7  having considered the Hernandez factors, as well as the Court's chronically taxed and limited
8  resources, the undersigned will recommend that this matter be dismissed.

9      Accordingly, IT IS HEREBY RECOMMENDED that this matter be DISMISSED for
10 failure to obey a court order and for failure to prosecute.  See Fed. R. Civ. P. 41(b); Local Rule
11 110.

12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14 after being served with these findings and recommendations – here, **January 16, 2024** – Plaintiff
15 may file written objections with the Court.  Such a document should be captioned "Objections to
16 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
17 objections within the specified time may waive the right to appeal the District Court's order.
18 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 2, 2024**                    **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE

4